IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FANDUIZ-MARTINEZ, | ) |
| Petitioner, | ) Civil Action No. 25-355J |
| v. | ) Magistrate Judge Maureen P. Kelly |
| LEONARD ODDO, *et. al.*, | ) Re: ECF Nos. 1 and 2 |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner Eduardo Fanduiz-Martinez ("Petitioner") is an immigration detainee who currently is held at the Moshannon Valley Processing Center ("MVPC") in Phillipsburg, Pennsylvania. Petitioner submitted a "Verified Petition for a Writ of Habeas Corpus" (the "Petition") on October 16, 2025. ECF No. 1.

In the Petition, Petitioner challenges his mandatory immigration detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Id. at 3. Petitioner asserts that he is subject to detention pursuant to a different statute – 8 U.S.C. § 1226(a) – which would allow him the possibility of release on bond. Id.

For the reasons that follow, the Petition will be granted.[1]

I.   **RELEVANT BACKGROUND AND FACTS**

In the Petition, Petitioner alleges that he is a native and citizen of the Dominican Republic, who entered the United States without inspection in 2015. ECF No. 1 at 2. He alleges that he has resided in the United States since his entry in 2015. Id. Petitioner alleges that he was arrested in

---

[1] The Parties consented to the jurisdiction of a United States Magistrate Judge on November 10, 2025. ECF Nos. 8 and 10.

1

New Jersey on September 26, 2025, and was detained by immigration officials upon his release from state custody on or about March 21, 2025.² Id. See also ECF No. 11-2 at 1-3.

Petitioner's Notice to Appear, dated March 21, 2025, charges him with being removable under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.³ ECF No. 11-1 at 1. He currently is in removal proceedings, and appears to have been in immigration detention since March 21, 2025. ECF No. 1 at 2. There is no indication on the record that Petitioner has been ordered removed.

Respondents answered the Petition on November 17, 2025. ECF No. 11. They raise a variety of arguments in the Answer, including that Petitioner has not had a bond hearing because he has not requested one. Id. at 2. However, on the same page, Respondents concede that Petitioner cannot obtain bond because he is detained under Section 1225(b)(2)(A). Id.

Petitioner filed a Traverse on December 18, 2025. ECF No. 13. In it, he indicates that he had a bond hearing before an Immigration Judge ("IJ") on December 17, 2025. Id. at 3. He attaches a copy of the IJ's decision. ECF No. 13-2.

---

² Respondents present evidence that Petitioner's criminal history is more extensive than alleged in the Petition. See ECF No. 11 at 3-4; ECF No. 11-2 at 1-26.

³ Rather than citing to the United States Code, and for reasons that are unclear, immigration officials tend to cite directly to sections of the Immigration and Nationality Act ("INA"). These citations often do not match up to the United States Code in any discernable fashion. In order to avoid unnecessary confusion, this Court will provide parallel citations to the United States Code and the INA where necessary.

Bond was denied on two bases. First, the IJ concluded that he lacked jurisdiction to grant bond pursuant to the Board of Immigration Appeals' ("BIA") recent decision in <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025). <u>Id.</u> at 1. Alternatively, the IJ concluded that bond would be denied because Petitioner had failed to show that he was not a danger to the community. <u>Id.</u>

By way of relief, Petitioner asks for immediate release from immigration detention, or for this Court to conduct a bond hearing at which "the government bears the burden of proof to demonstrate the need for ongoing detention after considering a reasonable bond and alternatives to detention." <u>Id.</u> at 17.

The Petition is ripe for consideration.

## II. DISCUSSION

28 U.S.C. § 2241 allows a court to grant a writ of habeas corpus to a prisoner held "in violation of the Constitution or laws or treaties of the United States[.]" <u>Id.</u> at § 2241(c)(3). This Court has jurisdiction to hear the merits of the instant case under that statute. <u>Bystron v. Hoover</u>, 456 F. Supp. 3d 635, 640 (M.D. Pa. 2020) (citing <u>Demore v. Kim</u>, 538 U.S. 510 (2003) and <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001)).

8 U.S.C. § 1226 – the statute that Petitioner argues should apply to his current detention – states, in pertinent part:

> Apprehension and detention of aliens
>
> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on –

3

> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; but
>
> (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

In contrast, 8 U.S.C. § 1225 – the statute that Respondents argue should apply – states, in pertinent part:

> Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing
>
> a) Inspection
>
> (1) Aliens treated as applicants for admission
>
> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission.
>
> ****
>
> (2) Inspection of other aliens
>
> (A) In general
>
> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Historically, there would have been no dispute that Petitioner was entitled to a bond hearing before an IJ pursuant Section 1226(a). However, recent changes in policy by Immigration and Customs Enforcement ("ICE"), see https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Dec. 22, 2025), and the

4

decision of the BIA in Hurtado essentially ratifying this policy, have resulted in the mandatory detention of aliens who entered the United States without inspection, regardless of where they were apprehended or how long they have been physically present in the United States. pursuant to Section 1225(b)(2)(A). See Hurtado, 29 I&N Dec. at 228-29.

The reasoning in Hurtado has been soundly rejected by the overwhelming majority of district courts that have opined on it. See, e.g., Bethancourt Soto v. Soto, --- F.Supp.3d ----, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases).

For the reasons recently and ably articulated by District Judge Stephanie Haines in Calzado Diaz v. Noem, No. 3:25-cv-00458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), the undersigned joins the chorus of federal judges who have rejected Hurtado.

Petitioner's detention is governed by Section 1226(a). Thus, he has a statutory right to a bond hearing. See Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). See also 8 C.F.R. § 1003.19.

Moreover, the undersigned does not find that the instant Petition is mooted by Petitioner's recent bond hearing, at which the IJ found that he lacked jurisdiction to grant bond under Hurtado, and *alternatively* found that Petitioner had not met his burden for relief. ECF No. 13-1. While that order is appealable to the BIA, see 8 C.F.R. § 1003.1(b)(7), a finding of mootness here would allow the BIA simply to rely on its flawed decision in Hurtado to affirm the IJ's denial based on lack of jurisdiction. Indeed, that is precisely what the BIA did in Hurtado itself. See 29 I&N Dec. at 229 n.8.

Accordingly, a second bond hearing at which the IJ is unable to rely on Hurtado would not result in the same outcome. Even if the IJ reiterates his previous alternative finding that Petitioner

has not met his burden, the BIA would be forced to address the merits of such a decision in any subsequent appeal.

This Court is not making any recommendation whatsoever regarding Petitioner's ultimate detention or release. Rather this Court finds, as a matter of statutory interpretation, that Petitioner is entitled to bond a hearing. Any other relief requested by Petitioner, such as immediate release, burden-shifting, or consideration of factors beyond those that are required by law or regulation, is denied.[4] To the extent that Petitioner seeks direct review of the IJ's alternative finding that he has not met his burden for relief under Section 1226, this Court lacks jurisdiction to do so, and the same is denied. 8 U.S.C. § 1226(e).

## III. CONCLUSION

For the reasons set forth herein, the Petition, ECF No. 1, will be conditionally granted.

The Motion for Order to Show Cause, ECF No. 2, will be denied as moot.

A certificate of appealability is not required for federal detainees seeking relief under Section 2241. Muza v. Werlinger, 415 F. App'x 355, 357 n.1 (3d Cir. 2011). See also 28 U.S.C. § 2253(c)(1). Therefore, it is not necessary to determine whether one should be issued here.

An appropriate Order follows.

Dated: December 22, 2025

BY THE COURT,

*Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[4] This order should not be interpreted to foreclose a challenge to Petitioner's detention in the future, as appropriate, if it becomes unreasonably prolonged. See German Santos v. Warden Pike Cnty. Corr. Fac., 965 F.3d 203 (3d Cir. 2020).

6

cc: Counsel of record (*via* CM/ECF)